No. 6210.

CHARLES L. FRANTZ vs. E. WAGGAMAN, SHERIFF, ET AL.

There being judgment against the plaintiff in injunction alone, and there being a failure to collect the judgment from the plaintiff, execution was issued against his surety, who now enjoins on the ground that he was not condemned by that judgment. The judgment ordered, adjudged, and decreed that the injunction be dissolved with ten per cent damages, five hundred dollars attorney's fees, and costs of suit.

From the fact that the judgment creditor in that suit had insisted on having a summary trial of the case, on the ground that it was such an injunction as should have been granted without bond, and the judge a quo sustained his views, it is fair to suppose that neither the judgment creditor nor the judge intended to condemn a surety on a bond which they said ought not to have been given. At any rate, the judgment does not condemn the surety, and the injunction was properly issued.

APPEAL from the Fifth District Court, parish of Orleans. Cullom, J. G. Schmidt and Sambola & Ducros, for plaintiff and appellant. Mc- Enery, Ellis & Ellis, for Waggaman, sheriff, appellee. Max Dinkelspiel, for Michael Frank, defendant and appellee.

LUDELING, C. J. This is an appeal from a judgment dissolving an in- junction. It appears that proceedings were taken against Samuel Fas-

nacht, on obligations of his, and that he enjoined the execution in said proceedings, giving the plaintiff in this suit as surety on the injunction bond. There was judgment in that suit dissolving the injunction, with damages against the plaintiff in injunction alone, and having failed to collect the judgment from the plaintiff, Fasnacht, execution was issued against Frantz, his surety, who now enjoins on the ground that he was not condemned by that judgment. The judgment " ordered, adjudged, and decreed that the injunction be dissolved, with ten per cent damages and five hundred dollars attorney's fees, and costs of suit." And, from the fact that the judgment creditor in that suit had insisted on having a summary trial of the case, on the ground that it was such an injunction as should have been granted without bond, and the judge *a quo* sustained his views, it is fair to suppose neither the judgment creditor nor the judge intended to condemn a surety on a bond which they had said ought not to have been given. At any rate, the judgment does not condemn the surety, and the injunction was properly issued.

It is therefore ordered that the judgment of the lower court be reversed, and that the injunction be made perpetual. It is further ordered that the appellees pay costs of appeal.

Rehearing refused.